**Godeleva HUERTA, Petitioner**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

**No. 04–60015.**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Sept. 14, 2004.

Boma O. Allison, Law Office of Boma Allison & Associates, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Hipolito Acosta, U.S. Immigration & Naturalization Service, Caryl G. Thompson, Houston, TX, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM: *

Godeleva Huerta petitions this court for review of the Board of Immigration Appeals's (BIA's) denial of cancellation of removal. She argues that the BIA erred when it determined that her continuous physical presence in the United States was interrupted in July 2000 for purposes of 8 U.S.C. § 1229b(b)(1)(A). As the respondent argues, the BIA implicitly decided Huerta's appeal under 8 C.F.R. § 1003.1(e)(5), which authorizes a single board member to issue a brief order affirming, modifying, or remanding the immigration judge's decision.

This court has jurisdiction to review the BIA's order. *See Mireles–Valdez v. Ashcroft*, 349 F.3d 213, 217 (5th Cir.2003). To be eligible for a discretionary cancellation of removal, an alien must satisfy four requirements, one of which is 10 years of continuous physical presence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A); *Mireles–Valdez*, 349 F.3d at 214–15. Huerta's voluntary departure from the United States at the border interrupted the continuous-presence requirement for cancellation of removal. *See Mireles–Valdez*, 349 F.3d at 217–19.

The Respondent's motion for summary affirmance or in the alternative for an extension of time to file a brief is DENIED.

PETITION DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.